1
2
3
4

Edmundo P. Robaina (AZ Bar No. 018125)
ROBAINA & KRESIN PLLC
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016-3231
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
epr@robainalaw.com

5   Attorneys for Plaintiff

6   IN THE UNITED STATES DISTRICT COURT

7   FOR THE DISTRICT OF ARIZONA

8   Cathleen Gore,

9        Plaintiff,                                No.

10  vs.

11                                                 **COMPLAINT**
    The Prudential Insurance Company of
12  America,

13       Defendant.

14  _____

15                  <u>**PRELIMINARY STATEMENT**</u>

16         Plaintiff Cathleen Gore, hereinafter referred to as "Plaintiff," brings the following

17  action:

18         1.      This ERISA action against The Prudential Insurance Company of America,

19  in its capacity as Administrator of the Southwest Microwave, Inc. Long Term Disability

20  Plan, hereinafter referred to as "Defendant."  Plaintiff brings this action to secure all

21  disability benefits, whether they be described as short term, long term and/or waiver of

22  premium claims to which Plaintiff is entitled under a disability insurance policy

23  underwritten and administered by Defendant.  Plaintiff is covered under the policy by

24  virtue of her employment with Southwest Microwave, Inc.

25                        <u>**PARTIES**</u>

26         2.      Plaintiff is a citizen and resident of Mesa, Arizona.

27         3.      Defendant is a properly organized business entity doing business in the

28  State of Arizona.

1        4.      The disability plan at issue in the case at bar was funded and administered

2  by Defendant.

3        5.      Defendant is a business entity doing business in the District of Arizona.

4  Defendant may be served with process by serving its registered agent, the Arizona

5  Department of Insurance, 2910 North 44th Street, Suite 210, Phoenix, Arizona 85018-

6  7269.

7  **JURISDICTION AND VENUE**

8        6.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331,

9  in that the claim arises under the laws of the United States of America.  Specifically,

10  Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the

11  Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action

12  may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due

13  to him under the terms of his plan, to enforce his rights under the terms of the plan, or to

14  clarify his rights to future benefits under the terms of the plan."   29 U.S.C. §

15  1132(a)(1)(B).

16        7.      Venue in the District of Arizona is proper by virtue of Defendant doing

17  business in the District of Arizona.   Under the ERISA statute, venue is proper "in the

18  district where the plan is administered, where the breach took place, or where a defendant

19  resides or may be found." 29 U.S.C. § 1132(e)(2).  Therefore, venue may also be proper

20  under the third prong of ERISA's venue provision, specifically "where a defendant

21  resides or may be found." (*Id.*)   Here, Defendant is "found" within the District of

22  Arizona, as it does business here, and the court has personal jurisdiction over Defendant,

23  as it has sufficient ties to the United States.

24  **CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

25        8.      Plaintiff has been a covered beneficiary under a group disability benefits

26  policy issued by Defendant at all times relevant to this action.  Said policy became

27  effective October 1, 2011.

28        9.      The disability policy at issue was obtained by Plaintiff by virtue of

Plaintiff's employment with Southwest Microwave, Inc. at the time of Plaintiff's onset of disability.

10.     Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11.     Defendant funds the Plan benefits.

12.     Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13.     Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

14.     Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.  Therefore, this matter should be reviewed under *de novo* standard.

15.     Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ADMINISTRATIVE APPEAL**

16.     Plaintiff is a 58-year-old woman previously employed by Southwest Microwave, Inc. as an "Inspector II."

17.     Inspector II is classified under the Dictionary of Occupational Titles as Light with an SVP of 3 and considered to be semi-skilled work.

18.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on February 13, 2015 as on this date Plaintiff suffered from transient global amnesia.

19.     Plaintiff alleges she became disabled on February 14, 2015.

20.     Plaintiff filed for short term disability benefits with Defendant.

21.     Short term disability benefits were denied.

22.     Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

23.     On July 8, 2015, Defendant denied long term disability benefits under the Plan.  Said letter allowed Plaintiff 180 days to appeal this decision.

24.     At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation."

25.     If granted the plan would pay monthly benefit of $1,574.56.

26.     On February 23, 2016 Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27.     Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

29.     On or about August 12, 2015, Defendant's paid consultant, Kristin Fiano, Ph.D., ABPP, psychology and clinical neuropsychology, performed a paper review of Plaintiff's claim file.

30.     On or about August 27, 2015 Defendant's paid consultant Kristin Fiano, Ph.D., ABPP, psychology and clinical neuropsychology, prepared an addendum to her paper review of Plaintiff's claim file.

31.     On or about March 24, 2016, Defendant's paid consultant, Christina L. Cusic, M.D., preventive and occupational medicine, performed a paper review of Plaintiff's claim file.

32.     There is an indication that a "Rajesh Wadhwa, M.D." reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

33.     There is an indication that a "Jonathan Mittelman, M.D." reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

34.     There is an indication that a "Dr. Day" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

35.     There is an indication that a "Tanika Barrow, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

36.     There is an indication that a "Cheryl McDermott, RN, BSN, CCM" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

37.     There is an indication that a "Joyce Mumm, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

38.     Defendant's consultants completed their reports without examining Plaintiff.

39.     On April 4, 2016, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

40.     Defendant also notified Plaintiff on April 4, 2016 that Plaintiff had exhausted her administrative remedies.

41.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

42.     Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**MEDICAL FACTS**

43.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

44.     Plaintiff suffers from degenerative disc disease (DDD), fibromyalgia, a mini-stroke, memory issues, and transient global amnesia.

45.     Treating physicians document continued chronic back pain, radicular symptoms, as well as decreased range of motion and weakness.

46.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

47.     Further, Plaintiff's physical impairments have resulted in chronic pain and

discomfort.

48.     Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

49.     Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

50.     However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

51.     Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8-hour day, day after day, week after week, month after month.

52.     Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

53.     The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

54.     As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

55.     However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**DEFENDANT'S CONFLICT OF INTEREST**

56.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

57.     Defendant's determination was influenced by its conflict of interest.

58.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

59.     The LTD plan gave Defendant the right to have Plaintiff submit to a

physical examination at the appeal level.

60.    A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

61.    More information promotes accurate claims assessment.

62.    Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA 29 U.S.C. § 1132

63.    Plaintiff incorporates those allegations contained in paragraphs 1 through 62 as though set forth at length herein.

64.    Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

> (a)    Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;
>
> (b)    Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;
>
> (c)    Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and
>
> (d)    Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

65.    By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, Plaintiff demands judgment for the following:

    A.    Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

    B.    Order Defendant to pay past short term and long term disability benefits retroactive to February 14, 2015 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

    C.    Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

    D.    Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

    E.    For such other relief as may be deemed just and proper by the Court.

Dated this 11th day of August 2016.

ROBAINA & KRESIN, PLLC

By /s/ Edmundo P. Robaina
    Edmundo P. Robaina
    Attorneys for Plaintiff